UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DEREK COMMANDER &** | * | **CIVIL ACTION** |
| **KELLY COMMANDER** | * | |
| | * | |
| **VERSUS** | * | **NO. 06-7189** |
| | * | |
| **ALLSTATE INSURANCE COMPANY &** | * | |
| **EDWARD J. CORCORAN** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 26). For the following reasons, Plaintiffs' Motion to Remand is GRANTED.

**I.     BACKGROUND**

This case arises from a dispute regarding insurance coverage for the Plaintiffs' property located at 3206 North Turnbull Drive in Metairie, Louisiana, which suffered damage as a result of Hurricane Katrina. The Defendants in this case are Allstate Insurance Company ("Allstate"), the Plaintiffs' insurer, and Edward J. Corcoran, an Allstate agent.

In August, 2006, the Plaintiffs filed the present action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. The Plaintiffs allege that they are entitled to payments from the Defendants for damages and loss to the property, as well as bad-faith penalties under Louisiana law, and damages for mental anguish. The Plaintiffs initially did not allege any separate and distinct claims against Mr. Corcoran.

On November 3, 2006, the Defendants removed this case to federal court arguing that this Court has jurisdiction based on diversity jurisdiction under 28 U.S.C. § 1332, because Corcoran is improperly joined and the amount-in-controversy exceeds $75,000. On November

14, 2007, Defendant Corcoran filed a motion to dismiss and on November 30, 2007, the Plaintiffs filed a motion to remand.

On December 19, 2007, the Court ordered the Plaintiffs to file an amended complaint and for the parties to submit supplemental memoranda on the pending motions to dismiss and remand in light of the amended complaint (Rec. Doc. No. 32). The Plaintiffs filed an amended complaint on December 31, 2007 (Rec. Doc. No. 35). However, the none of the parties submitted supplemental memoranda as ordered.

## II.     LAW & ANALYSIS

### A.     Plaintiffs' Motion to Remand

The federal removal statute, 28 U.S.C. § 1441(a), allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) specifies that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added).

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and that removal was proper. *Jeringan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Typically, the removal statute is to be construed narrowly and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). In order to demonstrate that resident defendants were improperly joined, the removing defendant must show that "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch v. Hartford Accident & Ind. Co.*, – F.3d –, No. 06-20498, 2007 WL 1847141, *2 (5th Cir. June 28, 2007). "Claims of fraudulent joinder should be resolved by a summary judgment-like procedure whenever possible. Although

the district court may 'pierce the pleadings' to examine affidavits and other evidentiary material, it should not conduct a full evidentiary hearing on questions of fact." *Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996). "Doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). As a result, all disputed questions of fact and ambiguities of state law must be resolved in favor of the non-moving party. *Gasch*, 2007 WL 1847141 at *2.

In their compliant, the Plaintiffs allege that the "Defendants have wrongfully failed to tender to Plaintiffs sums sufficient for the losses sustained. Such failure constitutes a breach of the express terms and conditions of the policy of insurance issued by Defendants and the provisions established by La. R.S. 22:658 and La. R.S. 22:1220." *See* Rec. Doc. No. 1-2, at p. 5. The Plaintiffs, in amended their complaint, alleged that Mr. Corcoran spoke with the Plaintiffs on several occasions regarding the existence of replacement cost coverage on the building, and allege that Mr. Corcoran failed to procure such coverage and misrepresented to the Plaintiffs that they had such coverage which caused the Plaintiffs harm. Without further factual development, the Court cannot conclude that the Plaintiffs have no possibility of recovery against Mr. Corcoran, the in-state Defendant in this case. Accordingly, the Court finds that Mr. Corcoran was not improperly joined and, thus, that diversity jurisdiction does not exist in this case.

## III.     CONCLUSION

Accordingly, IT IS ORDERED that the Plaintiffs' Motion to Remand is GRANTED and this case is hereby REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana this 15th day of April, 2008.

_____
UNITED STATES DISTRICT JUDGE